# CARROLL,

## JANUARY TERM, A. D. 1850.

### COPP *v.* COPP.

A father has power in this State to appoint by will a guardian to his children during their minority.

The judge of probate may remove such guardian, upon petition and notice, for good cause, but not otherwise.

The judge of probate cannot appoint another person guardian, while there is a testamentary guardian.

APPEAL from a decree of the judge of probate ; the reasons of which appear in the claim of appeal, filed August 8, 1848, in the court of probate, of which the following is a copy :

"To the Hon. Jonathan T. Chase, Judge of the Probate of Wills, &c., for the County of Carroll: Whereas your Honor did, at a probate court holden at West-Ossipee on the second Tuesday of July last past, within and for the county of Carroll aforesaid, appoint Sarah Ann Copp, widow of Langdon Copp, late of Tuftonborough, in said county, deceased, guardian of Elizabeth Adelaide Copp, an infant daughter of said Langdon, I, Isaac N. Copp, of said Tuftonborough, considering myself aggrieved by said appointment, do hereby claim an appeal from the same to the Superior Court of Judicature, next to be holden at Gilford, in the county of Belknap, within and for the Fourth Judicial District in the State of New-Hampshire, on the fourth Tuesday of December next, and set forth herein and file herewith the reasons of my appeal, as

Copp *v.* Copp.

follows, viz.: 1. Because your Honor had no right or authority to make said appointment; for that the said Langdon Copp, by his last will and testament, appointed me, the said Isaac N. Copp, guardian of the said Elizabeth Adelaide; and by his said will enjoined it upon me to support, maintain and educate the said Elizabeth Adelaide in my family, till she should arrive at the age of twenty-one years, which said will had been proved in due form; and I, the said Isaac N. Copp, had accepted and taken upon myself the trust and duty of guardian of said minor child before said appointment was made by your Honor, and was in the actual discharge of that duty at the time said appointment was made. 2. Because said appointment was improper, injudicious and injurious; because it authorized the said Sarah Ann Copp to take the said minor child out of the lawful custody of me, the said Isaac N. Copp, and to interrupt and hinder me in the performance and discharge of the trust imposed upon me by said will. And the said guardian, by your Honor appointed, has, by reason of said appointment, taken said child from my custody, and detains her from me, so that I am unable to perform and execute said trust.

Dated the 8th day of August, 1848.

ISAAC N. COPP."

*Bachelder*, for the appellant.

*Hobbs*, for the appellee.

WOODS, J. It appears that Langdon Copp, father of the ward, by his last will appointed the appellant to be her guardian, directing him to support, maintain and educate her in his family till she should attain to the age of twenty-one years.

The common law made various provisions for the tuition and protection of infants, and the care of their

estates, but did not recognize the right of a parent to make any testamentary disposition of the guardianship of his children. Long after the power of disposing of property by will had been established by various statutes, that of 12 Car. II. provided that a father might appoint a guardian or guardians, who should have the control of the persons and estate of his children till the age of twenty-one years. The power thus given was so ample, that whenever it was exerted it wholly superseded the claims of the various persons entitled by the common law to any participation in the control of the person or estate of the infant, and was in fact regarded as almost coëxtensive with that of the parent himself.

The statute of 12 Car. II. has been adopted in this State. Without adverting to the evidence of that fact, which is derived from the common custom of appointing guardians by will, the validity of these appointments has been recognized by the courts and by the legislature.

In the case of *Noyes* v. *Barber*, 4 N. H. 406, it was plainly admitted; and in *Balch* v. *Smith*, 12 N. H. 437, the subject was fully examined, and the point expressly decided. We must, therefore, conclude that the appellant was the lawful guardian of the minor, Elizabeth Adelaide Copp, at the time of the appointment of the appellee by the judge of probate to the same office.

The two offices being totally inconsistent with one another, the question arises, whether the judge of probate had the power to make the appointment. By the statute (Rev. Stat., ch. 150, sec. 1) from which the power of the judge to make such appointments is derived, it is provided that the judge may appoint a guardian to any minor, "whenever there shall be occasion." Such occasion can hardly be said to exist while a guardian is already in the exercise of all the power which the judge could confer upon another; and the law cannot be construed to intend that such a conflict of powers and duties should arise as is suggested.

Copp *v.* Copp.

Nor does the mere appointment of the guardian by the judge of probate vacate the office and authority of the testamentary guardian. It has been said, indeed, that the court of chancery has no power at all to remove a testamentary guardian, although it may exert that control over his acts which may be found necessary for the benefit of the ward. But the contrary, and, perhaps, the better opinion has also been held. *Goodall* v. *Harris*, 2 P. W. 561; *ex parte* Crumb, 2 J. C. R. 439; *ex parte* Andrews, 1 J. C. R. 100. In this State the statute seems to have made perfect provision (Rev. Stat., ch. 150, sec. 29) for the removal of guardians, "upon petition and after due notice." It will not, therefore, be intended that the high power of removing a guardian whom the father has appointed to succeed him in the custody and education of his child—a power which, as has been said, has been declined by the court of chancery—may be exercised by the judge of probate without the ordinary formalities at least, and without the ordinary opportunity being afforded to the parties interested to appear and protect their own rights and the objects committed, by the will, to their care and tuition.

If cause exists for changing the guardianship of this ward, the law has prescribed a safe mode of procedure. The guardian appointed by the will of the deceased is, like other guardians, under the general control of the judge of probate, so far at least that, upon good cause shown and on notice, he may be removed.

The decree of the judge of probate in this case being therefore against the plain meaning and purpose of the law, must be reversed.

*Decree reversed.*